ED JACKAMONIS, Speaker State Assembly
On behalf of the Assembly Organization Committee, you request my opinion on the effect of the Governor's attempt to remove some of his vetoes on the recently enacted Budget Act.
The essential facts are as follows:
On July 27, 1981, enrolled Assembly Bill 66, the 1981 Budget Bill, was presented to the Governor for his action, i.e., approval, partial approval and partial veto or veto. Governor Dreyfus partially approved and partially vetoed Assembly Bill 66 and on July 29 delivered the entire bill, technically at that time, an Act, with his vetoes thereon to the Secretary of State pursuant to law. On the same day, July 29, Governor Dreyfus sent his veto message to the Assembly. On July 30, ch. 20 was published in the Wisconsin State Journal. The publication showed the Governor's vetoes. On July 31 at the Secretary of State's office, Governor Dreyfus noted on several previously vetoed portions of ch. 20 that said provisions were not vetoed. On August 4, the Secretary of State republished that portion of ch. 20 previously vetoed, which publication showed no vetoes. The August 4 publication is denoted as a supplement to ch. 20 and contains the following explanation: "NOTE: This supplement contains those SECTIONS of Chapter 20, Laws of 1981, for which the Governor's *Page 155 
partial vetoes were erroneously shown in the original publication of that law on July 30, 1981."
In my opinion, the Governor's attempt to revoke or remove his vetoes on July 31 was ineffectual and his original vetoes remain in effect until and unless the Legislature overrides. Consequently, the Secretary of State's August 4 publication was a legal nullity.
In my opinion, the matter is controlled by the following language from State ex rel. Kleczka v. Conta, 82 Wis.2d 679,701, 264 N.W.2d 539 (1978):
 [The Governor] . . . stated in his message to the Legislature that he had delivered the official copy of the enrolled bill to the Secretary of State . . . . Accordingly, by that delivery and by that declaration of delivery, the Governor on that date put the bill beyond his own reach. By his own actions, the Governor was no longer in a position to reconsider or to revise his previous partial approval and partial disapproval of the bill. The Governor by the delivery and by his own statement to the Legislature terminated his time for deliberation on the bill.
 Also see State v. Whisner, 35 Kan. 271, 10 P. 852 (1886), which held that after a bill has been signed by the Governor and has passed beyond his control, by placing it with the proper depository of state laws, its status has become fixed and unalterable as far as he is concerned.
In this case, Governor Dreyfus deposited the approved portion of the 1981 Budget Act with the Secretary of State on July 29 and on the same day returned the disapproved portion of the Act to the Assembly. Consequently, after that date he possessed no portion of the Budget Act upon which he could take any action. The portion approved is already law and publication only serves to make it enforceable. As stated in Kleczka, 82 Wis.2d at 695:
 Where there is but a partial approval, the Constitution provides, "the part approved shall become law." This demonstrates that the Legislature's concern with the portion of the legislation it and the Governor have approved is at an end. Only the mechanical steps to insure that there is an enforceable law in respect to *Page 156 
the parts approved remains. That mechanical process — publication by the Secretary of State — is constitutionally mandated and is independent of further legislative action on the same bill.
It has been suggested that since the Governor has six days within which to consider what he will return to the Legislature, he could properly take the subsequent July 31 action since it was within the six day period. The actual language of Wis. Const. art. V, sec. 10 reads: "If any bill shall not be returned by the governor within six days (Sundays excepted) after it shall have been presented to him, the same shall be a law unless the legislature shall, by their [sic] adjournment, prevent its return, in which case it shall not be a law."
But in this case, the Governor, by his veto message of July 29 has already returned the disapproved portion of the Budget Bill to the Assembly. Kleczka, 82 Wis.2d at 700-03.
BCL:WHW